Opinion by COLE, J.   It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378).   The claim at 10 percent under paragraph 34 was therefore sustained.

No. 52654.—Ciba Pharmaceutical Products, Inc. *v.* United States, protests 139711–K, etc. (New York).

Opinion by COLE, J.   It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378).   The claim at 10 percent under paragraph 34 was therefore sustained.

No. 52655.—Dextar Fur Corp. et al. *v.* United States, protests 140894–K, etc. (New York).

Opinion by MOLLISON, J.   It was stipulated that the merchandise consists of platinum fox fur skins, undressed, similar in all material respects to those the subject of *United States* v. *O. Brager-Larsen* (36 C. C. P. A. 1, C. A. D. 388).   The claim for free entry under paragraph 1681 was therefore sustained.

No. 52656.—Sam Forwand Co. et al. *v.* United States, protests 141606–K, etc. (New York).

Opinion by MOLLISON, J.   It was stipulated that the merchandise consists of platinum fox fur skins, undressed, similar in all material respects to those the subject of *United States* v. *O. Brager-Larsen* (36 C. C. P. A. 1, C. A. D. 388).   The claim for free entry under paragraph 1681 was therefore sustained.

BEFORE THE SECOND DIVISION, NOVEMBER 4, 1948

No. 52657.—B. Altman & Co. *v.* United States, protest 137891–K (New York).

Opinion by TILSON, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of knitted wool scarves similar in all material

respects to those passed upon in Abstract 50303, the claim of the plaintiff was sustained.

**No. 52658.**—R. H. Macy & Company, Inc. *v.* United States, protests 140324–K and 141567–K (New York).

Opinion by TILSON, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of knitted wool scarves similar in all material respects to those passed upon in Abstract 50303, the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, NOVEMBER 4, 1948

**No. 52659.**—P. Beiersdorf & Co., Inc. *v.* United States, protests 64449–K, etc. (New York). ·

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries.   The protests were sustained to this extent.

BEFORE THE THIRD DIVISION, NOVEMBER 8, 1948

**No. 52660.**—Fidelity & Deposit Company of Maryland *v.* United States, petition 6553–R (San Diego).

Opinion by EKWALL, J.   The petition was dismissed.

**No. 52661.**—Campillo & Ibarra *v.* United States, petition 6555–R (San Diego).

Opinion by EKWALL, J.   The petition was dismissed.

BEFORE THE SECOND DIVISION, NOVEMBER 10, 1948

**No. 52662.**—Allied   Purchasing   Corp.   *v.*   United   States,   protest 74458–K (Baltimore).